# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV 02-6345-JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. § 406(b) |

## BACKGROUND

On August 14, 2002, Calvin Johnson ("plaintiff") filed a Complaint seeking review of the denial of his application for disability insurance benefits. On September 9, 2002, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On March 28, 2003, plaintiff filed a motion for summary judgment. On May 30, 2003, the Commissioner of Social Security ("defendant") filed a cross-motion for summary judgment. Thereafter, on August 4, 2003, the Court issued a Memorandum Opinion and Order and Judgment granting plaintiff's motion for summary judgment and affirming the denial of disability insurance benefits.

Plaintiff filed an appeal to the Ninth Circuit Court of Appeals and, after briefing and oral argument, the Ninth Circuit issued a Memorandum Decision on June 22, 2005

remanding the case to the Commissioner for further proceedings under sentence four of 42 U.S.C. §405(g). On December 8, 2005, the Court awarded fees under the Equal Access to Justice Act ("EAJA") to plaintiff's counsel in the amount of $11,295.56. At the second hearing, the Administrative Law Judge ("ALJ") found that plaintiff was entitled to disability insurance benefits. Thereafter, on April 16, 2007, the Commissioner sent plaintiff a Notice of Award which provided for $58,009.25 in past-due benefits. (See Motion, Exh. A).

On May 8, 2007, plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). In his motion, plaintiff requests total attorney's fees in the amount of $19,123.25[1] pursuant to the provision set forth in his contingent-fee contract with counsel. The requested fee is based on 94.5 hours of attorney time before the district court and the Ninth Circuit Court of Appeals. (Motion at 9-12).

On June 8, 2007, defendant filed a response to plaintiff's motion. In the response, defendant noted that a fee award of $19,123.25 is 25 percent of the total past-due benefits awarded to plaintiff. (Response at 4). In addition, defendant noted that a fee award of $19,123.25 represents an hourly rate of $203.36 for Mr. Koenig's representation of plaintiff before the district court and the court of appeals. (Response at 4). Plaintiff did not file a reply to defendant's response.

## DISCUSSION

Congress authorized payment of a reasonable fee for representation of a successful social security claimant. 46 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgement. 46 U.S.C. § 406(b)(1)(A). This fee provision is not intended to displace contingent-fee agreements as a means to set fees for representation of social security

---

[1] Plaintiff has recommended that the court direct his counsel, Andrew T. Koenig, to directly reimburse plaintiff in the amount of $11,295.56 to offset the attorney's fee award that the Commissioner has paid to counsel under the EAJA. (Motion at 4).

benefit claimants. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002). Nor does it imply that all continent-fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. <u>Id.</u> Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary, and that the fee sought is reasonable for the services rendered in the course of his or her representation. <u>Id.</u>

Accordingly, even when a contingent-fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. <u>Id.</u> In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved. <u>Id.</u> at 808. For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." <u>Id.</u> Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney. <u>Id.</u>; <u>see</u> <u>Ellick v. Barnhart</u>, 445 F. Supp 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex."). If the contingent-fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly. <u>Gisbrecht</u>, 535 U.S. at 808.

Here, the ALJ found that plaintiff was entitled to social security benefits and the Commissioner awarded plaintiff $58,009.25 in past-due benefits. (<u>See</u> Motion, Exh. A). Because plaintiff is a successful social security claimant, plaintiff's counsel may be awarded a reasonable fee under Section 406(b).

On June 1, 2006, plaintiff entered into a contingent-fee agreement with his attorney. (Motion, Exh. B). Under the terms of the contingent-fee agreement, plaintiff agreed that counsel would receive 25 percent of the past-due benefits awarded if counsel is successful in obtaining an award of benefits through federal court appeals. (<u>See</u> Motion at 8-9; Motion, Exh. B). Thus, the contingent-fee agreement provides for a fee that falls within

3

the acceptable range provided by Section 406(b). In addition, there is no basis to find, and none is alleged, that the contingent-fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent-fee agreement between a successful social security claimant and his attorney, the court must determine whether the contingent-fee is reasonable for the services rendered. Gisbrecht, 535 U.S. at 807. In this case, plaintiff's counsel, Andrew T. Koenig, charged a normal hourly rate of $250.00. (Motion at 6). As noted in defendant's Reply, if plaintiff's counsel receives an award of $19,123.25, counsel will have been compensated at a rate of $203.36 per hour for his 94.5 hours of representation before the district court and court of appeals. (Reply at 4).

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent-fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel spent working on the case before the district court and court of appeals. See Gisbrecht, 535 U.S. at 808-09. After considering the reasonableness of the fee requested in light of the particular circumstances of this case, including the risks associated with representation of numerous social security claimants on a contingent-fee basis, the Court finds that $19,123.25 for 94.5 hours of work by counsel for representation before the district court and the court of appeals is reasonable.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for attorney's fees is GRANTED. Attorney's fees under Section 406(b) are awarded in the gross amount of $19,123.25, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits. Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $11,295.56 to offset the attorney's fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: September 20, 2007

                                                  /s/
                                       JENNIFER T. LUM
                                       UNITED STATES MAGISTRATE JUDGE